IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| JOHN MILLER, and JOAN MILLER,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ORDER & MEMORANDUM DECISION<br><br>Civil No. 1:02-CV-00037 |

This matter comes before the court on Defendant United States' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and Plaintiffs' motion to supplment briefing with regard to Defendant's motion to dismiss. Plaintiffs John and Joan Miller seek damages under the Federal Tort Claims Act, 28 U.S.C. § 1346 ("FTCA"), alleging negligence and a violation of Utah's Dramshop Act. The United States contends that: (1) the Dramshop Act is a strict liability statute and therefore not within the scope of the FTCA's governmental immunity waiver; and (2) Utah law does not recognize a negligence claim under the facts alleged.

**Background**[1]

On June 12, 1999, Plaintiffs John and Joan Miller ("the Millers") were seriously injured in a car accident caused by Arthur Valle. Mr. Valle was intoxicated and driving at an excessive speed when his car collided with the Millers' car.

---

[1] All facts are taken from the various pleadings filed in this matter.

Mr. Valle was an employee of the United States Air Force and had been drinking at the NCO Club at Hill Air Force Base on the night of the accident. The Millers contend that the employees of the NCO Club "negligently and carelessly" served alcohol to Mr. Valle when he was "clearly and visibly extremely intoxicated." (Complaint, Dkt. 1, at ¶ 8). The employees of the NCO Club then allowed Mr. Valle to leave the NCO Club in his car.

As a result of the accident, the Millers were seriously injured. Joan Miller required extensive medical treatment and will continue to require medical treatment in the future. She is disabled and unable to work. John Miller also suffered several injuries. Mr. Miller missed work because of his injuries and because of the need to assist in his wife's recuperation.

The Millers allege that the government is liable under the FTCA for damages they suffered for negligently selling alcohol in violation of Utah's Dramshop Act. U.C.A. § 32A-14a-101, et seq. The government has moved to dismissed the case for failure to state a claim under Federal Rule of Procedure 12(b)(6). After careful consideration of the government's motion to dismiss and after a hearing on this motion, the court certified to the Utah Supreme Court the following determinative question of law:

> Whether a federal government employee, who ordinarily would be immune from suit in cases of strict liability, may be liable under Utah's Dramshop Act if the Plaintiffs establish negligence.

(Jan. 1, 2003 Order, Dkt. 22, at 1).

On November 19, 2004, in Miller v. United States, 104 P.3d 1202 (2004), the Utah Supreme Court issued an opinion holding that Utah's Dramshop Act is a strict liability statute and that Utah does not recognize a common law cause of action in negligence for the sale of alcohol to persons who cause injury to third parties while under the influence of alcohol.

**Analysis**

The FTCA waives the government's sovereign immunity with respect to claims based on "the negligent or wrongful act or omission" of a government employee. 28 U.S.C. §1346(b). The United States Supreme Court has held, however, that this language does not waive immunity for claims based on theories of strict liability. See Dalehite v. United States, 346 U.S. 15, 45 (1953); see also McKay v. United States, 703 F.2d 464, 472 (10th Cir. 1983) ("Nor does the FTCA authorize actions against the government based on strict tort liability." (emphasis in original)); Laird v. Nelms, 406 U.S. 797, 798-799 (1972). "Accordingly, liability [under the FTCA] cannot be imposed without a finding of the presence of negligence or some other recognized misfeasance or nonfeasance on the part of the government." Mckay, 703 F.2d at 472 (citing Laird, 406 U.S. at 799). Here, the Millers have alleged, in part, negligent acts by employees of the United States Air Force, which they claim violate Utah's Dramshop Act.

The Utah Supreme Court, in its November 19, 2004 response to the certified question has clarified that Utah's Dramshop Act is a strict liability statute. Miller, 104 P.3d at 1203-1204. Accordingly, Utah's Dramshop Act provides no relief from governmental immunity under the FTCA.

The Utah Supreme Court also wrote: "This court has consistently voiced our allegiance to the general rule that our common law does not recognize a right of action against a seller of alcoholic beverages by a third party injured by the buyer of the beverage. Id. at 1204 (citing Mackay v. 7-Eleven Sales Corp, 995 P.2d 1233 (Utah 2000). Utah does not, and has never, recognized a common law cause of action in negligence for the sale of alcohol to persons who cause injury to third parties while under the influence of alcohol. Miller 104 P.3d 1205 ("No

third party common law cause of action against dramshops exists in Utah.").

A waiver of governmental immunity under the FTCA clearly requires negligence or a wrongful omission. As there is no cause of action in the State of Utah under which the Millers can allege negligence against a dramshop for the service of alcohol to Mr. Valle, there is no waiver of governmental immunity and no theory on which they can proceed with this suit.

**ORDER**

Accordingly, Defendant's motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is GRANTED.  Plaintiffs' motion for additional briefing is DENIED.

IT IS SO ORDERED.

DATED this 25th day of August, 2005.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge